# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8491 | **DATE** | 9/15/2004 |
| **CASE TITLE** | GREGORY TURLEY vs. CATCHINGS, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss is denied. [23] Defendants shall answer the complaint within 30 days.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 30 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| EF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY J. TURLEY # N08083, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 03 C 8491 |
| CATCHINGS, ET AL., | ) Judge Charles R. Norgle |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

The Plaintiff, currently an inmate at Menard Correctional Center, brought this pro se civil rights action pursuant to 42 U.S.C.§ 1983. He claims that the defendants, officials at Stateville Correctional Center, violated his constitutional rights by retaliating against him after he filed a lawsuit. For the reasons stated in this order, the motion is denied.

STANDARD OF REVIEW

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc.,Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner*, 404 U.S. 519 (1972); *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts

1

30

which would provide an adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). On a motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Units*, 507 U.S. 163 (1993); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439-40 (7th Cir.1994). Furthermore, the court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Henson v. CSC Credit Services*, 29 F. 3d 280, 284 (7th Cir. 1984).

## Background

Plaintiff, formerly an inmate at Stateville Correctional Center, sued officials at that institution on a variety of claims. In a December 15, 2003 order of this court, all claims were dismissed except the claim for retaliation against defendant Robert Catchings, Assistant Warden of Programs, and defendants Louis Kovach and Joshua Slaughter, both Internal Affairs Officers.

Reading Plaintiff's complaint and accompanying pleadings in the light most favorable to him, we take the following facts as true, for the purpose of this motion to dismiss. Plaintiff claims that defendants removed him from his job in the prison law library in retaliation for his having filed a lawsuit in this court dealing with inadequate medical care at the prison. Further, he states that he exhausted administrative remedies prior to filing this suit. He states that defendant Catchings was responsible for overseeing the law library and the medical unit at the prison and

2

that he was aware of Plaintiff's lawsuit dealing with his allegations of inadequate medical care at Stateville. Further, Plaintiff alleges that he was an informant working for the superintendent and the warden, and that Catchings was involved in gang issues in the law library that Plaintiff was apparently investigating. Additionally defendants Kovach and Slaughter disliked the superintendent to whom Plaintiff was reporting.

Defendants' Motion to Dismiss

Defendants first argue that Plaintiff failed to exhaust administrative remedies prior to filing this suit, in violation of 42 U.S.C.§ 1997e(a). (Defendants provide the wrong citation subsection). In support of this position, they submit evidence in the form of an affidavit. Such evidence, not appropriate for a motion to dismiss, could be allowed and the case converted to a motion for summary judgment, if the evidence was a matter of public record, but it is not. They further argue that Plaintiff failed to file any grievances specifically against these defendants and that he must have done so to properly exhaust his claims.

Next defendants argue that Plaintiff has failed to state a claim for retaliation, arguing that since the medical suit Plaintiff filed was not against these defendants, therefore there is no basis for a retaliation claim. In support of this position they cite only two cases, one from 1987 and one from 1988. Defense counsel might not be aware that subsequently, the law on retaliation has been greatly developed. The court will examine current case law to evaluate the retaliation claim.

Finally, defendants cite the doctrine of qualified immunity, claiming that it should apply to them.

## DISCUSSION

Exhaustion of Administrative Remedies

According to 42 U.S.C. §1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title...by a prisoner...until such administrative remedies as are available are exhausted." *See Porter v. Nussle*, 122 S. Ct. 983 (2002); *Massey v. Helman*, 259 F. 3d 641 (7th Cir. 2001); *Johnson v. Litscher*, 260 F. 3d 826 (7th Cir.2001). Plaintiff alleges in his complaint that he did exhaust administrative remedies. Further, in his complaint and response to the motion to dismiss, he attaches copies of his grievances, and states in the response that he did exhaust on the issue of retaliation.

At this point the court could do one of two things: deny defendants' motion on this issue because their evidence cannot be considered in a motion to dismiss, or convert the motion into one for summary judgment pursuant to Fed. R. Civ. P. 12(c), and give Plaintiff the required LR56.1 warning and give him time to respond appropriately. The court denies defendants' motion to dismiss as to the failure to exhaust claim. Defendants' arguments that he must have specifically stated the names of the defendants in his grievances is not an accurate depiction of what is required in an inmate grievance. As the Seventh Circuit made clear in *Strong v. David*, 297 F. 3d 646, 649 (7th Cir. 2002):

> When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming.

Additionally, and contrary to defendants' assertions, Plaintiff need not specify by name each person against whom he addresses his grievance. *Murray v. Artz*, 2002 WL 31906464, *4, referring to the quoted language from *Strong*:

> [T]his language does not require a prisoner to have named a prospective defendant in his

4

grievance, even if the prospective defendant was known to the prisoner when the grievance was written.

Finally, in *Higgs v. Carver*, 286 F. 3d 437, 439 (7th Cir. 2002), the Seventh Circuit made clear:

Higgs has not alleged a chronology of events from which retaliation can be inferred. But as the Supreme Court and this court have emphasized, there are no special pleading rules for prisoner civil rights cases (citations omitted).... All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer. *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir.2002). 'All that's required to state a claim in a complaint filed in a federal court is a short statement, in plain (that is, ordinary, non-legalistic) English, of the legal claim.... The courts keep reminding plaintiffs that they don't have to file long complaints, don't have to plead facts, don't have to plead legal theories.' *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir.1999). Had Higgs merely alleged that the defendants had retaliated against him for filing a suit, without identifying the suit or the act or acts claimed to have constituted retaliation, the complaint would be insufficient, *cf. Muick v. Glenayre Electronics*, 280 F.3d 741, 743 (7th Cir.2002), because the defendants would not have known how to respond. But Higgs specified both the suit and the act of retaliation (namely placing him in lockdown segregation for 11 days), and this specification was enough to enable the defendants to file an answer. *See, e.g., Johnson v. Stovall*, 233 F.3d 486, 489 (7th Cir.2000).

Similarly, Plaintiff has attached as exhibits to his complaint, as well as to his response, copies of grievances which, contrary to defendants' characterization, actually do allege retaliation. He raised the issue of retaliatory action against him by Defendant Catchings in his grievance of January 23, 2003 and various letters including one dated May 8, 2003. He thus claims he was disciplined and lost his prison job after he filed a medical care lawsuit in this court and filed grievances. It matters not that the medical suit was not against these same defendants. Plaintiff has met the requirements of what must be included in a grievance, and therefore, did properly exhaust. While Defendants' have factual disputes on both the sufficiency of the grievances and the issue of exhaustion, the factual disputes are not properly before the court.

5

The issue here is only whether Plaintiff alleged that he exhausted his administrative remedies and that he his grievances were proper. From the face of his complaint and exhibits, the answer is yes. Should defendants continue to want to pursue a factual dispute on these issues, they must do so with the proper pleadings and proof.

2) Retaliation Claim

Actions that would normally be permissible may not be done to retaliate against a prisoner for the exercise of his fundamental constitutional right, and seeking relief through the courts is such a right. *Black v. Lane*, 22 F. 3d 1395, 1399 (7th Cir. 1994); *Geder v. Godinez*, 875 F. Supp. 1334 (N.D. Ill. 1995). The First Amendment protects an inmate's right to file grievances and lawsuits, and prison officials may not retaliate against him for exercising that right. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir.2000); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir.1996). The ultimate question in a retaliation claim is whether events would have transpired differently absent the retaliatory motive, *see Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 287 (1977), it is not enough for Plaintiff to show that the retaliation played a substantial part in defendants' action. *Babcock v. White*, 102 F. 3d at 275. It remains to be seen whether Plaintiff can prove any of the elements of his claim. But at this stage of the litigation, it matters only that he states the claim.

Defendants argue that a chronology of events must be pleaded in the complaint in order to state a retaliation claim. This is a misstatement of current law. Such a chronology is unnecessary (and indicative of a heightened pleading standard inapplicable to civil rights claims) as long as the complaint sufficiently notifies the defendants and the court of the nature of the claims. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir.2002); *Walker v. Thompson*, 288 F.3d 1005,

6

1008-09 (7th Cir. 2002). Plaintiff's allegations of retaliatory conduct by prison officials, therefore, satisfied the liberal pleading requirement. Defendants' motion to dismiss based on failure to state a claim for retaliation is denied.

### 3) Qualified Immunity

Finally, defendants argue that the case should be dismissed because all defendants are protected by qualified immunity. The doctrine of qualified immunity often operates to shield public officials from liability for civil damages. In *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), the Supreme Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violated clearly established statutory or constitutional rights of which a reasonable person would have known." *See also, Hope v. Pelzer*, 536 U.S. 730, 739 (2002): *Crawford-El v. Britton*, 523 U.S. 574 (1998). In order to survive a defense motion to dismiss on qualified immunity grounds, a plaintiff must show (1) that he has asserted a violation of a constitutional or statutory right, and (2) that the applicable legal standards were clearly established at the time the defendants acted. *Harrell v. Cook*, 169 F. 3d 428, 431 (7th Cir. 1999); *see also Kelley v. Myler*, 149 F. 3d 641, 648 (7th Cir. 1998).

Defendants deny Plaintiff's factual allegations and state that they acted legally, attempting to negate the first point above described. However, this is a question of fact and factual matters are to be decided by the court. The issue for qualified immunity is whether Plaintiff's complaint asserts, not proves, that defendants violated clearly established law such that his constitutional rights were violated. Because Plaintiff has asserted the violation of a constitutional right-- taking away his prison job because he exercised his First Amendment right to file grievances and a

7

lawsuit– and because the law on retaliation is indeed clearly established, and because Plaintiff did set forth all the elements of a retaliation claim, therefore, the doctrine of qualified immunity does not apply in this case.

## CONCLUSION

Defendants' motion to dismiss is denied. [23] Defendants shall answer the complaint within 30 days.

DATED: 9-15-04

ENTER:

Charles R. Norgle

UNITED STATES DISTRICT COURT